IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LOUIS FASULLO, Inmate #R30073, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 06-836-GPM |
| | ) |
| SAMUEL BURNS and RUDY MEMMEM, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

Plaintiff, an inmate in the Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal for failure to state a claim.

**FACTUAL ALLEGATIONS**

Plaintiff states that Defendant Samuel Burns, a Corrections Officer at Pinckneyville Correctional Center, intentionally placed Defendant Rudy Memmem, a Pinckneyville inmate, in Plaintiff's cell to cause Plaintiff and Defendant Memmem to fight. On September 20, 2005, after they had been celled together for an unspecified amount of time, a fight occurred. Plaintiff was written a disciplinary ticket for his participation in the fight. The Adjustment Committee held a hearing on the ticket and found Plaintiff guilty of the charge. Plaintiff was disciplined with one month in segregation and a one-month demotion to c-grade.

**LEGAL STANDARDS**

*Federal Tort Claims Act*

Plaintiff states that he is bringing this action under the Federal Tort Claims Act ("FTCA"). Plaintiff cannot bring his claim pursuant to the FTCA. Individual citizens may bring actions under the FTCA for torts committed against them by employees of the federal government. Defendants here – an Illinois Department of Corrections employee and an Illinois Department of Corrections inmate – are not employees of the federal government. As such, Plaintiff cannot bring a claim against them under the FTCA.

*Failure to Protect*

A plaintiff may bring claims under 42 U.S.C. § 1983 against prison officials for failing to protect him from violent acts of other prisoners. *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Luttrell v. Nickel*, 129 F.3d 933, 935 (7th Cir. 1997). Not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety, however. *Farmer*, 511 U.S. at 834. In order for a plaintiff to succeed on a claim for failure to

protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm and that the defendants acted with "deliberate indifference" to that danger. *Id.; Reed v. McBride*, 178 F.3d 849, 852 (7th Cir. 1999). A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). In other words, Defendants had to know that there was a substantial risk that those who attacked Plaintiff would do so, yet failed to take any action. *Sanville v. McCaughtry*, 266 F.3d 724, 733-34 (7th Cir. 2001).

In his statement of facts, Plaintiff states that he told prison officials of a threat to his safety. The exhibits submitted with the complaint, however, belie that assertion. On September 5, 2005, Plaintiff filed a grievance in which he states that his cellmate was leaving on September 16, 2005, and he requested a new cellmate with whom he could "get along." He requested "someone cool," with whom he would not "have problems," or who would not "give [him] a hard time." He does not mention Defendant Memmem as a future cellmate nor as a threat to his safety. On September 20, 2005, Plaintiff was cited for fighting with his cellmate, Defendant Memmem. Plaintiff filed a grievance hand-dated September 21 or 22, 2005,[1] in which he complained specifically about Defendant Memmem. The grievance bears a received date stamp of September 27, 2005.

Based on this timeline, the grievance that addresses his problems with Memmem was filed between one and seven days *after* the fight between them. The grievance filed before the fight merely asks for "someone cool." It does not indicate a specific, impending, and substantial threat to his safety. Without this element, Plaintiff has failed to state a claim that prison officials failed to

---

[1] The number "1" is written over the second "2" of the date 09-22-05.

protect him from the alleged assault.[2]

*Due Process*

Finally, Plaintiff indicates that he was disciplined for fighting with his cellmate. To the extent that he is attempting to state a due process claim regarding the handling of that disciplinary matter, the claim fails. When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship … in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The Seventh Circuit Court of Appeals has adopted an extremely stringent interpretation of *Sandin*. In this Circuit, a prisoner in disciplinary segregation at a state prison has a liberty interest in remaining in the general prison population only if the conditions under which he or she is confined are substantially more restrictive than administrative segregation at the most secure prison in that state. *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997). If the inmate is housed at the most restrictive prison in the state, he or she must show that disciplinary segregation there is substantially more restrictive than administrative segregation at that prison. *Id.* In the view of the Seventh Circuit Court of Appeals,

---

[2]
> "A plaintiff can plead himself out of court by alleging facts which show that he has no claim, even though he was not required to allege those facts . . . . Allegations in a complaint are binding admissions … and admissions can of course admit the admitter to the exit from the federal courthouse." *Jackson v. Marion County*, 66 F.3d 151, 153 (7th Cir. 1995).

*Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997).

after *Sandin* "the right to litigate disciplinary confinements has become vanishingly small." *Id.* Indeed, "when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation of liberty." *Id.*

In the case currently before the Court, Plaintiff was sent to disciplinary segregation for one month. Nothing in the complaint or exhibits suggests that the conditions that he had to endure while in disciplinary segregation were substantially more restrictive than administrative segregation in the most secure prison in the State of Illinois. Plaintiff also was disciplined with a one-month demotion to c-grade. This demotion also does not present a viable constitutional claim. *See, e.g., Thomas v. Ramos*, 130 F.3d 754, 762 n.8 (7th Cir. 1997) (and cases cited therein) (no protected liberty interest in demotion to C-grade status).

Based on the foregoing, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED with prejudice**. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). All pending motions are **DENIED as moot**.

**IT IS SO ORDERED.**

DATED:  04/20/07

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
Chief United States District Judge