## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LOUIS FASULLO, Inmate #R30073, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 06-836-GPM |
| | ) | |
| SAMUEL BURNS and RUDY MEMMEM, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

On October 30, 2006, Plaintiff filed this action pursuant to 42 U.S.C. § 1983 against an Illinois Department of Corrections employee and a fellow inmate.  The Court reviewed the complaint pursuant to 28 U.S.C. § 1915A and found that Plaintiff had failed to state any claims. Accordingly, on April 20, 2007, the Court dismissed the action.  On May 2, 2007, Plaintiff filed a motion to alter or amend judgment, which the Court denied on May 16, 2007.

Currently pending before the Court are Plaintiff's motions for summary judgment (Doc. 21), to alter or amend judgment (Doc. 22), and for reconsideration under Federal Rule of Civil Procedure 60(b) (Doc. 25).  Although variously styled, each of these motions seeks reconsideration of the Court's dismissal of the action.

Technically, a "motion to reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit Court of Appeals has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure.  *See, e.g., Mares v. Busby*, 34 F.3d 533,

535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). As noted in *Deutsch*, "in cases where it is unclear whether a motion challenging a judgment on the merits is made under Rule 59(e) or Rule 60(b)," the date of service will determine how the motion will be treated. Thus, "'if the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b).'" *Id.* (citations omitted).

Judgment was entered in this action on April 20, 2007, but the instant motions were not filed until May 16 (Doc. 21), May 30 (Doc. 22), and July 26 (Doc. 25), well after the 10-day period expired. *See* FED. R. CIV. P. 59(e). Therefore, as a Rule 59(e) motion, these motions are time-barred.

Under *Deutsch*, the Court will thus construe these motions as filed pursuant to Rule 60(b), which provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. United States*, 327 F.2d 431, 433 (7th Cir. 1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b).").

In these motions, Plaintiff reiterates the arguments stated in the complaint and seeks reconsideration of the Court's legal judgment. These arguments do not suggest clerical mistake;

instead, these arguments challenge the Court's application of the law to the facts alleged in the complaint, which may be addressed in a direct appeal.  Therefore, Plaintiff has not presented any arguments warranting relief under Rule 60(b), and the instant motions (Docs. 21, 22, and 25) are **DENIED**.

       **IT IS SO ORDERED.**

      DATED:  08/20/07

                           s/ *G. Patrick Murphy*
                           G. Patrick Murphy
                           Chief United States District Judge